## BASSIN *v.* STATE

[No. 11, October Term, 1951.]

*Decided November 1, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Alan H. Murrell* for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City, William H. Maynard, Deputy State's Attorney,* and *James F. Price, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted in the Criminal Court of Baltimore of maintaining a disorderly house and sentenced to nine months. The case was tried before the court without a jury. The sole question raised is whether evidence obtained by Captain Emerson, and his officers, in the course of a search under a warrant issued on a showing of probable cause of violation of the gambling laws, was properly admitted.

On September 25, 1950 Captain Emerson entered an apartment at 621 West North Avenue armed with the warrant, and remained there for a period of about five hours. He found the accused there in company with a girl. He admitted that he found no evidence of gambling, but he found in the desk in the front room a black book containing a list of names in code, and ten dozen contraceptive devices. The telephone rang several times, and the callers asked for "Jock". Four different men entered the apartment while the officers were there. The first one identified the accused as "Jock", and admitted that he had "used the bed in the middle room". This witness on the stand denied that he had had intercourse with the girl, but admitted he had given her five dollars on a previous occasion. Another witness, Sanzone, told Captain Emerson he had been there "and paid the girl five dollars and used the bed in the second room". He reiterated this statement on the stand. The witness Fertitta told the Captain "he was always let in by Bassin, who sat at the desk while he went in the bedroom with

the girl". On the stand, Fertitta. denied that he had been to the premises previous to this occasion.

The appellant contends that the search authorized by the warrant was limited to evidence of bookmaking, and that evidence of another crime, obtained in the course of the search, was not admissible, citing *Johnson v. State*, 193 Md. 136, 66 A. 2d 504. In that case the officers were armed with a warrant for the arrest of the accused, on a charge of maintaining a disorderly house. The accused was arrested, but nothing incriminating was found upon her person or in her immediate presence. The officers then proceeded to search the entire premises, and found lottery slips in a pasteboard box in another room. It was held that the search was unreasonable and not incidental to the arrest, and the slips were not admissible in a prosecution for having lottery slips in possession.

The instant case is distinguishable. Captain Emerson had a clear legal right under the warrant to search the entire premises. The articles found in the course of the search would themselves support an inference that the crime of maintaining a disorderly house was being committed. If confirmation was necessary, it was supplied by the telephone calls and the frank admissions of the callers in person, while the officers were lawfully upon the premises. In the aggregate, the evidence amounted to the commission of a misdemeanor in the presence of the officers. Cf. *Fischer v. State*, 195 Md. 477, 481, 74 A. 2d 34, 36.

*Judgment affirmed, with costs.*